UNITED STATED DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Fred Freeman, | ) | Civil Action No. 9:21-cv-02199-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order** |
| | ) | |
| Warden Kindal; Nurse DeLeon, HTC | ) | |
| Dr. McRee; Ms Ringold, PRN; and South | ) | |
| Carolina Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 79.] In the Report, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment, ECF No. 56, be granted, and that the case be dismissed with prejudice. *Id.* at 2, 19. For the reasons below, the court adopts the Report in its entirety.

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, brought this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against certain employees of the South Carolina Department of Corrections and the Department itself. [ECF No. 1 at 4.] Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [ECF No. 56.] The Magistrate Judge issued a *Roseboro* order directing the Clerk of Court to forward summary judgment explanation to Plaintiff and giving Plaintiff 31 days to respond. [ECF No. 58.] Plaintiff timely filed a Response in Opposition, ECF No. 66, as well as two supplements to his Response,

ECF Nos. 73 and 75. The Magistrate Judge then issued her Report recommending that Defendants' Motion for Summary Judgment be granted and the case be dismissed with prejudice. [ECF No. 79.] Attached to the Report was a Notice of Right to File Objections. *Id*. at 20. Plaintiff subsequently filed a 35-page handwritten document titled "Plaintiff Objection to Report and Recommendation in Support of Proof of Service." [ECF No. 81.] Defendants filed their Reply to Plaintiff's Objection. [ECF No. 82.] Plaintiff then filed an "Objection to Defendants Reply Pursuant to FRCP 72." [ECF No. 83.] The matter is now ripe for ruling.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court need not explain adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-

RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond v. Colonial Life Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The court has thoroughly reviewed Plaintiff's Objection, ECF No. 81, and Reply, ECF No. 83. Despite the length of these filings, the court finds Plaintiff fails to raise specific objections to the Report. Instead, Plaintiff recites conclusions of law, some of which are irrelevant to his claims, and, at best, repeats information contained in the record.

In her Report, the Magistrate Judge found Plaintiff failed to show a viable § 1983 against any of the Defendants. The Magistrate Judge found Plaintiff "failed to show Defendant Kindal had any personal involvement in the alleged constitutional violations," citing *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) and *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."(internal quotations omitted.)). The Magistrate Judge also found Defendant Department of Corrections is entitled to Eleventh Amendment immunity. *See Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. V. Doe*, 519 U.S. 425, 429 (1997) ("[The Eleventh Amendment's] reference to

actions 'against one of the United States' encompasses not only actions in which a State is an actually named defendant, but also certain actions against state agents and instrumentalities." (*quoting* U.S. Const. amend. XI.))

Finally, the Magistrate Judge found Plaintiff failed to show the elements necessary to sustain a §1983 claim against the remaining Defendants. [*See* ECF No. 79 at 14-15 (*citing Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) ("The plaintiff must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective).")).] The Magistrate Judge also found the Defendants are entitled to qualified immunity from Plaintiff's §1983 claims on the ground "Plaintiff has failed to establish a genuine issue of material fact on any of his alleged constitutional violations." [*See* ECF No. 79 at 17 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *Renn by and through Renn v. Garrison*, 100 F.3d 344, 349 (4th Cir. 1996)).]

Plaintiff's Objection contains thirty-five pages of text hand-copied from various legal opinions, none of which has any bearing on the Magistrate Judge's Report. For example, on page one of his Objection, Plaintiff begins: "Plaintiff objects complaint, motion in opposition, specifically outlines civil rights, constitutional (ADA) Eighth and Fourteenth Amendment violations. *Tennessee v. Lane*, 541 U.S. 509." [ECF No. 81 at 1.] Although Plaintiff cites a Supreme Court case which addresses disabled citizen's right of access to the courts through the ADA generally, Plaintiff does not follow this citation up with an argument remotely related to the findings in the Magistrate Judge's Report. Instead, Plaintiff discusses problems with his "Spine-

4

Lumbar in general working in (SCDC)," and states that he is epileptic. *Id.* 3. Plaintiff also references some state agency level administrative grievances he filed in the past. *Id*. at 4-5.

Plaintiff then begins to make objections that appear to be based on the elements of tort law: "Plaintiff objects to Magistrate Report and Recommendation on basis that (SCDC) (1) Prison owed Plaintiff duty of care (2) Prison official's (sic) breached that duty by gross negligences, act or ommission, (sic) (3) Prison breach was actually, actual and proximate cause of Plaintiff and proximate cause of Plaintiff injuries and damages (4) Plaintiff suffered and injury and damages." *Id.* at 5-6. The Objection continues with this sort of random statement of facts and recitation of law for the rest of the document.

Plaintiff's Reply in Objection, ECF No.83, likewise lacks any specific objections to the Report. In his Reply, Plaintiff "objects to Defendants Reply as alleged by Defendants [] that Plaintiff recites various laws." [ECF No. 83 at 1.] While this objection specifically addresses an issue raised by Defendants in their Reply, it does not address the Report. Likewise, Plaintiff's objection that Defendant's Reply is untimely lacks merit. Defendants' Reply was timely filed. Defendant's Reply was due two weeks after the filing of Plaintiff's Objection, or November 2, 2022, not one week after the Objection was filed, or October 26, 2022, as Plaintiff claims. [*See* ECF Nos. 81, 82, setting the filing deadline and showing timely filing of Defendants' Reply.]

This court is sympathetic to Mr. Freeman's medical condition. However, he has failed to make a specific objection to any of the findings in the Report. In the absence of specific objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 79, and incorporates the Report by reference herein. Accordingly, Defendants' motion for summary judgment, ECF No. 56, is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**.

January 18, 2023  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge